10-1780-cv
Heydt-Benjamin v. Heydt-Benjamin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of December, two thousand ten.

PRESENT:   PIERRE N. LEVAL,
           REENA RAGGI,
           DEBRA ANN LIVINGSTON,
                      *Circuit Judges.*

-----------------------------------------------------------------------
AVA HEYDT-BENJAMIN,

                      *Petitioner-Appellant*,

           v.                                   No. 10-1780-cv

THOMAS HEYDT-BENJAMIN,

                      *Respondent-Appellee*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:   NEIL VANDERWOUDE, Gerosa & VanderWoude, Carmel, New York.

APPEARING FOR APPELLEE:    ALLAN E. MAYEFSKY, Aronson Mayefsky & Sloan, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 5, 2010, is AFFIRMED.

Petitioner Ava Heydt-Benjamin appeals from the district court's denial of her petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89, reprinted at 51 Fed. Reg. 10,494 (Mar. 26, 1986) (the "Hague Convention"), and the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-10, for return of her two children to Switzerland after their removal to the United States by their father and petitioner's husband, respondent Thomas Heydt-Benjamin. Petitioner also appeals from the district court's dismissal of her motion to vacate an interim custody order entered by the Supreme Court of the State of New York for Putnam County. The parents and both children, now ages 3 and 4, are United States citizens. Petitioner argues that the district court erred in finding that the children's "habitual residence" for purposes of the Hague Convention was the United States rather than Switzerland. See Gitter v. Gitter, 396 F.3d 124, 130-31 (2d Cir. 2005).[1] "In cases arising under the Convention, a district court's factual determinations are reviewed for clear error. However, the district court's application of the Convention to the facts it has found, like the

_____

[1] To prevail on a claim under the Hague Convention, a petitioner must show by a preponderance of the evidence that

> (1) the child was habitually resident in one State and has been removed to or retained in a different State; (2) the removal or retention was in breach of the petitioner's custody rights under the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of the removal or retention.

Gitter v. Gitter, 396 F.3d at 130-31 (citing 42 U.S.C. § 11603(e)(1)(A); Hague Convention art. 3).

interpretation of the Convention, is subject to de novo review." Id. at 129 (citation, brackets, emphasis, and internal quotation marks omitted). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

A child's "habitual residence" under the Hague Convention is "a legal precept that we review de novo." Id. at 133 n.8 (citing Mozes v. Mozes, 239 F.3d 1067, 1073 (9th Cir. 2001)). We have held that "courts should begin an analysis of a child's habitual residence by considering the relevant intentions," specifically "the intent of the person or persons entitled to fix the place of the child's residence, which is likely to be the parents in most cases." Id. at 132 (internal quotation marks and citation omitted). The last shared intention of the parents regarding the child's residence "is a question of fact in which the findings of the district court are entitled to deference, and we consequently review those findings for clear error." Id. at 133. Where the parents have come to dispute the child's habitual residence, the district court must "determine the intentions of the parents as of the last time that their intentions were shared." Id. In general, a court "will presume that a child's habitual residence is consistent with the intentions of those entitled to fix the child's residence at the time those intentions were mutually shared." Id. That presumption may, however, be rebutted where, "notwithstanding the intent of those entitled to fix the child's habitual residence, the evidence points unequivocally to the conclusion that the child has become acclimatized to his new surroundings and that his habitual residence has

3

consequently shifted." Id. This may be so when "the child's acclimatization to the location abroad [is] so complete that serious harm to the child can be expected to result from compelling his return to the family's intended residence." Id. at 134.

Petitioner asserts that, beginning in July 2009, she and her husband reached an agreement under which they lived separately in Zurich, Switzerland, with joint custody of the children, and without any plan for a different residence in the future. She argues that these circumstances demonstrate the parents' shared intention to abandon their former residence in the United States and to fix the habitual residence of the children in Switzerland. This was the state of affairs when respondent removed the children to the United States without petitioner's knowledge on January 25, 2010. In the alternative, petitioner argues, without citation to controlling authority, that "the inquiry into shared intent" should not "acquire[ ] a primacy over a regard for the totality of the circumstances." Appellant's Br. at 42. Among other allegedly relevant circumstances, she asserts that respondent fled Switzerland in January 2010 in an effort to avoid a custody action filed by petitioner in the Swiss courts on January 14, 2010, and contends that "[t]his is exactly the improper forum shopping [that the] Hague Convention seeks to prevent." Id. at 54. The district court recognized that respondent's actions were "motivated by forum shopping." Tr. at 21, Heydt-Benjamin v. Heydt-Benjamin, No. 10 CV 881 (S.D.N.Y. Mar. 15, 2010).

Whatever respondent's motive in removing the children from Switzerland, the district court was bound to apply the terms of the Hague Convention as incorporated through the

4

International Child Abduction Remedies Act and interpreted by United States courts. The legal standard governing the habitual residence issue is the "shared intent" test laid down in Gitter v. Gitter, 396 F.3d 124. The district court, based in part upon credibility determinations, found "without any difficulty at all . . . that the petitioner never intended at any time relevant to this Court's determination to have Switzerland be her children's place of habitual residence," Tr. at 18, Heydt-Benjamin v. Heydt-Benjamin, No. 10 CV 881 (S.D.N.Y. Mar. 15, 2010), and that "at the time the couple left for Switzerland, they had a shared intention to raise their children in the United States and make the United States the children's habitual residence, and . . . they each continued to adhere to that intention," id. at 20. Based on these findings of fact, the district court concluded that the children's habitual residence was the United States. We identify no error in either the district court's factfinding or its application of the Gitter "shared intent" standard.

Petitioner has not argued on appeal, and the record does not in any way suggest, that these very young children had an opportunity to become acclimatized to life in Switzerland to such an extent that serious harm could be expected to result from allowing their return to the United States. See Gitter v. Gitter, 396 F.3d at 133-34. Under these circumstances, we find no clear error in the district court's factual determinations and no error in its conclusion that the children's habitual residence for purposes of the Hague Convention was the United States. We therefore conclude that petitioner failed to meet her burden under the Hague

5

Convention, that the petition was correctly denied, and that petitioner's motion to vacate the state court interim custody order was correctly dismissed as moot.

We have considered petitioner's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court