No. 10–1303.   HEYDT-BENJAMIN v. HEYDT-BENJAMIN.   C. A. 2d Cir.   Motion of Professor Linda D. Elrod et al. for leave to file a brief as *amici curiae* granted.   Certiorari denied.

No. 10–8373.   DERBY v. UNITED STATES.   C. A. 9th Cir.;
No. 10–8607.   JOHNSON v. UNITED STATES.   C. A. 2d Cir.;
No. 10–8768.   SCHMIDT v. UNITED STATES.   C. A. 5th Cir.; and
No. 10–8885.   TURNER v. UNITED STATES.   C. A. 4th Cir. Certiorari denied.   JUSTICE SOTOMAYOR took no part in the consideration or decision of No. 10–8607.

JUSTICE SCALIA, dissenting.

Before us are petitions for certiorari by criminal defendants asking us to decide whether four more of the "vast variety of . . . criminal offenses" that we have not yet addressed, see *Sykes* v. *United States, ante,* at 29–31, 33 (SCALIA, J., dissenting), are crimes of violence under the residual provision of the Armed Career Criminal Act (ACCA).   See 18 U. S. C. § 924(e)(2)(B)(ii). They are:

- *Derby* v. *United States,* No. 10–8373.   Relying on its decision in *United States* v. *Mayer,* 560 F. 3d 948 (2009), the Ninth Circuit held that Oregon's first-degree burglary statute, Ore. Rev. Stat. § 164.225 (2009), falls within ACCA's residual provision.   In *Mayer,* the Ninth Circuit conceded that Oregon's statute does not qualify as the enumerated offense of generic "burglary" under ACCA because it applies to unlawful entries into "booths, vehicles, boats, and aircraft," 560 F. 3d, at 959, and not just buildings and structures.   See *Taylor* v. *United States,* 495 U. S. 575, 598 (1990).   Nevertheless, it held that Oregon's statute falls within the residual provision, because burglaries under that statute lead to a "risk of a physical confrontation."   560 F. 3d, at 962; but see *id.,* at 952 (Kozinski, C. J., dissenting from denial of rehearing en banc) (noting that "Oregon prosecutes as burglars people who pose *no* risk of injury to anyone," such as an individual who "enter[ed] public telephone booths to steal change from coin boxes").
- *Johnson* v. *United States,* No. 10–8607.   The Second Circuit, over a dissent, held that the Connecticut offense of "rioting